FILED
2020 Mar-05 AM 08:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| MARK GRISSOM, | ) |
| Plaintiff, | ) |
| v. | ) 7:19-cv-01884-LSC |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM OF OPINION

Before the Court is Defendant United States of America's ("United States") Motions to Dismiss for lack of subject matter jurisdiction. (Doc. 12.) The motion is fully briefed and ripe for decision. For the reasons stated below, the motion is due to be granted.

## I. BACKGROUND[1]

Plaintiff Mark Grissom ("Grissom"), who is acting *pro se*, is an employee of the Department of Veterans Affairs ("VA"), specifically the Tuscaloosa VA Medical Center (the "VAMC"). In July 2019, Grissom brought an action styled *Grissom v. Wiggins et al.*, 7:19-cv-01085-LSC, against numerous VA employees alleging, among other things, civil violations of the RICO statute (the "first

---

[1] The following facts are taken from Plaintiff's complaint and the United States' motion to dismiss, and the Court makes no ruling on their veracity.

lawsuit"). The events giving rise to this case allegedly derive from Grissom's filing the first lawsuit and his resulting status as a "whistleblower." Grissom alleges that in September or October 2019, after he filed the first lawsuit, "a decision was made" to conduct an emergency lockdown of the front office and the human resource office of the Tuscaloosa VAMC. (Doc. 1 at 6.) He further alleges that Stephanie Wallace told an individual referred to as "Witness D" that the lockdown was because of Grissom. Witness D also allegedly told Grissom that Witness D was "regularly hearing a lot of negative things about [Grissom] around the facility." (*Id.* at 7.)

Grissom brings this action against John Merkle, Tonya Gibson, Stephanie Wallace, and Chris Chouinard, alleging that they defamed him; spread a hoax and false information about him, in violation of 18 U.S.C. § 1038; and engaged in obstruction of justice in retaliation for his whistleblowing, in violation of 18 U.S.C. § 1503. The United States subsequently filed a Notice of Substitution of the United States for the named defendants, and this Court entered an Order on January 7, 2020, substituting the United States for the party-defendants pursuant to 28 U.S.C. § 2679(d)(2). The United States subsequently moved this Court under Fed. R. Civ. P. 12(b)(1) to dismiss the claims against it for lack of subject matter jurisdiction. This Court entered an order for Grissom to show cause why the motion should not be

granted. Grissom timely filed a written submission urging the Court to deny the United States' motion.

## II. STANDARD

This Court, like all federal courts, is a court of "limited jurisdiction." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013). It is authorized to hear only those cases falling within "one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). A federal court with subject matter jurisdiction over a claim also has "supplemental jurisdiction" over state law claims that are "so related to claims . . . within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). "The state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

"[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and . . . [must] satisfy itself as to the existence of its power to hear the case." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525,

1529 (11th Cir. 1990)). The Court may consider matters outside the pleadings in ruling on a motion under Rule 12(b)(1). *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

### III. DISCUSSION

The United States argues that this Court lacks subject matter jurisdiction over Grissom's claims. It first urges dismissal of Grissom's claims purportedly brought under 18 U.S.C. § 1038 and 18 U.S.C. § 1503, arguing that they are criminal statutes that do not support a private civil cause of action. The United States further argues that Grissom's defamation claim is due to be dismissed because he failed to submit notice of the claim as required by the Federal Tort Claims Act, 28 U.S.C. § 2675(a), ("FTCA" or "the Act"), the failure of which deprives this Court of subject matter jurisdiction. Alternatively, the United States argues that it retains sovereign immunity as to claims of defamation, notwithstanding the FTCA.

#### A. Violations of 18 U.S.C. §§ 1038 and 1503

"Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Without a discernible basis in the statute, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how

compatible with the statute." *Id.* at 286–87. Additionally, the United States Supreme Court "has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975)).

Grissom brings a cause of action purportedly arising under 18 U.S.C. § 1038. Section 1038 is a federal criminal statute prohibiting the conveyance of false information or hoaxes "under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take pace that would constitute a violation of [various statutes concerning weapons and explosives, terrorist acts, and related activities]." *Id.* § 1038(a)(1). It provides that a person who engages in the prohibited conduct may be liable in a civil action "to a party incurring expenses incident to any emergency or investigative response to that conduct, for those expenses." *Id.* § 1038(b).

This Court concludes that the text of 18 U.S.C. § 1038(b) does not provide an independent civil cause of action in favor of a private citizen. Rather, the civil action "only exists as additional enforcement against a party who engages in a criminal violation of 18 U.S.C. § 1038(a)(1)." *Johnson v. Working Am., Inc.*, No. 12-CV-1505, 2012 WL 3074775, at *3 (N.D. Ohio July 30, 2012). Although it is certainly not

bound by decisions of other district courts, this Court finds the analysis in *Johnson* to be helpful and persuasive:

> The civil remedy [in 18 U.S.C. § 1038(b)] is narrowly tailored to provide that only a "party incurring expenses incident to any emergency or investigative response" to the criminal activity proscribed by the statute is entitled to a recover. *See* 18 U.S.C. § 1038(b). This does not set forth a general civil remedy for providing false information. *Id.* The "Civil Action" provided by the statute only exists as additional enforcement against a party who engages in a criminal violation of 18 U.S.C. § 1038(a)(1). It does not represent an independent civil cause of action for which a private citizen may file a complaint. *Id.*

*Id.* Therefore, this Court lacks the authority to hear Grissom's purported claim under § 1038.

This Court also concludes that 18 U.S.C. § 1503 does not provide a private right of action. Section 1503 is the federal obstruction of justice statute prohibiting efforts "to influence, obstruct, or impede[] the due administration of justice." Upon review of the statutory language, § 1503 contains "no basis for inferring that a civil cause of action of some sort [lies] in favor of someone." *See Chrysler Corp.*, 441 U.S. at 316 (quoting *Cort*, 422 U.S. at 79). The text has no reference to a civil remedy or a civil cause of action. Grissom makes no argument to the contrary. Therefore, this Court lacks the authority to hear Grissom's purported claim under § 1503.

## B. Defamation

The United States enjoys sovereign immunity from suit "save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). The FTCA provides a limited waiver of the United States' sovereign immunity.[2] In the Act, the United States expressly retains sovereign immunity over specific claims, including claims "arising out of . . . libel[] [and] slander." 28 U.S.C. § 2680(h).

The United States argues that Grissom's defamation claim falls into the above exception to the FTCA, and this Court agrees. Libel and slander are subspecies of defamation: libel is defamation in written form, whereas slander is defamation in spoken form. Upon review of Grissom's complaint, it appears that he is complaining about statements that were allegedly spoken rather than written, thus constituting slander. Whether the statements were written (libel), spoken (slander), or both, Grissom's claim falls within the FTCA's exception to the waiver of sovereign

---

[2] The Act provides: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674.

immunity. Therefore, the defamation claim is barred by sovereign immunity, and this Court lacks subject matter jurisdiction over it.[3]

## IV. CONCLUSION

For the reasons stated above, the United States' motion to dismiss (doc. 12) is due to be GRANTED, and this case is due to be DISMISSED WITHOUT PREJUDICE. Additionally, Grissom's motion (doc. 15) is due to be TERMINATED AS MOOT.

**DONE** and **ORDERED** on March 5, 2020.

_L. Scott Coogler_
United States District Judge

199335

---

[3] Because this Court concludes that Grissom's claim is barred by sovereign immunity, it need not consider the United States' alternative argument that he failed to file a proper notice of claim.